IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                                         CAUSE NO. 3:20-CV-691-CWR-FKB

ALICE REEP, et al.                                                          DEFENDANTS

**ORDER**

Before the Court are the United States' motion to exclude opinion testimony of the defendants' retained expert, Robert L. Crook, II [Docket No. 51], and the defendants' motion in limine [Docket No. 53]. The motions are fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

This is a case about a land easement. On October 28, 2020, the United States filed this lawsuit on behalf of the Tennessee Valley Authority ("TVA") to create a permanent easement and right-of-way on a 1.02-acre parcel of property in Rankin County, Mississippi. The defendants, Alice Reep, Theresa Lorraine Reep, Loriann Frances Reep, and Mary Alice Reep Kirby, owned this land in fee simple. In its Declaration of Taking, the TVA declared that "Fifteen Thousand Six Hundred Dollars ($15,600) is the amount estimated by the Tennessee Valley Authority to be just and liberal compensation for the easement and right-of-way taken." Docket No. 1-3 at 1.[1]

The defendants filed their answer to the United States' complaint on February 8, 2021. Docket No. 14. In it, they contend that $15,600 does not constitute just compensation for the taking and demand a jury trial to determine the appropriate measure of reimbursement for the permanent easement.

---

[1] On October 30, 2020, the United States moved ex parte for entry of an order of immediate possession [Docket No. 3], which this Court granted on November 17, 2020 [Docket No. 5].

The only issue remaining for trial is the amount of compensation owed to the defendants. Pursuant to a stipulation entered on December 30, 2021, the parties agreed that none of the defendants would testify at trial as to the value of the land taken. *See* Docket No. 35. Instead, the United States and the defendants intend to introduce expert testimony regarding the appropriate measure of compensation. Each side, however, now seeks to exclude the other's expert.

Specifically, the United States urges for the exclusion of the defendants' expert, Robert L. Crook, II, arguing that Crook reached his calculation through arbitrary and flawed methodology. Docket No. 51. On the other side, the defendants argue that the Court should exclude the testimony of the United States' expert, Curtis Adrian Gentry, IV, because Gentry is not qualified to offer expert testimony on this matter and used infirm methodology in his calculations. Docket No. 53.

The Court considers each motion in turn below.

**II.     Legal Standard**

Under Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The inquiry envisioned by Rule 702 . . . is a flexible one. Its overarching subject is the scientific validity—and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594-95 (1993). Expert testimony must also aid the factfinder in evaluating the evidence. "The

expert testimony must be relevant, not simply in the sense that all testimony must be relevant, Fed. R. Evid. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 591-92).

When the federal government exercises its power of eminent domain by taking all or a portion of an individual's real property, Rule 71.1 of the Federal Rules of Civil Procedure applies. In relevant part, Rule 71.1 provides for trial on compensation "by a jury when a party demands one within the time to answer or within any additional time the court sets." Fed. R. Civ. P. 71.1(h)(1)(B).

### III.    Discussion

"The Fifth Amendment to the United States Constitution prohibits the federal government from taking private property for public use without paying just compensation." *Hardy v. United States*, 141 Fed. Cl. 1, 9 (2018). It is well-established "that a permanent physical occupation of property is a taking," pursuant to which "the property owner entertains a historically rooted expectation of compensation." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 441 (1982). An easement constitutes one form of "physical occupation" that qualifies as a taking under the Constitution.

"The property owner bears the burden of proving just compensation on the condemnation date." *United States v. 12.94 Acres of Land in the County of Solano*, No. CIV. S-07-2172 FCD/EFB, 2009 WL 4828749 (E.D. Cal. Dec. 9, 2009) (citing *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273 (1943)). "When the government takes an easement in land, just compensation is usually determined by computing the difference in value of the land free of, and burdened by, the

easement." *United States v. 329.73 Acres of Land, Situated in Grenada and Yalobusha Counties, State of Miss.*, 9 F.2d 281, 283 (5th Cir. 1982) (internal citations omitted).

In this case, the parties agree that the easement will reduce the defendants' property from a triangle-shaped parcel of 2.28 acres to a triangle-shaped parcel of approximately 1.26 acres.

### A.      Motion to Exclude Robert L. Crook, II

The United States objects to admission of Crook's opinions on several grounds. At base, it argues that Crook "failed to collect any data to develop or support his after-take . . . value opinion." Docket No. 52 at 9. This approach, the United States submits, violated the Uniform Standards of Professional Appraisal Practice ("USPAP"), and hence, yielded unreliable conclusions. *Id.* at 8-9. The United States also contends that Crook's "after-take opinion" is "based solely on his education and experience." *Id.* at 11. Thus, the United States concludes, Crook's opinion falls below the *Daubert* standard, and the Court should exclude it.

The defendants disagree. Their main argument is that the United States' objections boil down to "a disagreement over the credibility (and thus, weight) to be accorded Crook's opinions." Docket No. 57 at 10. Crook's methodology, the defendants stress, complied with industry standards. Moreover, the defendants urge that compliance with USPAP by the landowner's expert is not required in the Fifth Circuit. *Id.* at 10 (citing *United States v. 4.620 Acres of Land, More or Less, in Hidalgo County, Texas*, No. 7:20-cv-00154, 2021 WL 5999388, at *5 (S.D. Tex. Dec. 20, 2021) (internal citation omitted)). Accordingly, the defendants ask the Court to reject the United States' motion.

The defendants' arguments are persuasive. Indeed, the Fifth Circuit has emphasized that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's

consideration." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (internal citation omitted); *see also Julius v. Luxury Inn & Suites, LLC*, 535 F. Supp. 3d 600, 605 (S.D. Miss. 2021) (explaining that much of defendant's arguments challenging the expert's testimony "resembles arguments appropriate for cross-examination, where it belongs so that the jury can play its proper role in the adversarial system").

It is true that "[i]n some case . . . the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion." *Viterbo*, 826 F.2d at 422. But that is not the case here. The defendants adequately substantiate Crook's qualifications to opine as an expert on the easement's effect on their land's value. And the United States' other qualms with Crook's assessment center on credibility, not admissibility, of his opinion. The Court therefore declines to exclude Crook's testimony from trial.

B.  **Motion to Exclude Curtis Adrian Gentry, IV**

Onto the admissibility of Gentry's testimony.

The defendants urge that "there is a complete lack of competent testimony to support Gentry's estimate of just compensation in this case." Docket No. 54 at 16. Although the defendants concede that "Gentry is, by training and experience, a professional appraiser," they argue that he "does not actually possess the expertise needed to render opinions on the value of the Defendants' property after its encumbrance by TVA's power lines," as prior to his work on this case, "Gentry had never appraised an easement itself, much less attempted to measure its impact, in terms of value, upon a larger parcel." *Id.* at 5. The defendants further contend that Gentry's methodology was flawed, particularly his reliance on a matrix. *Id.* at 8-13. Accordingly, the defendants urge exclusion of Gentry's proposed testimony and portions of his report.

5

The United States responds that the defendants' objections lack merit. It first urges that Gentry is indeed qualified to testify as to the encumbered land's value. In support, the United States emphasizes that Gentry is a certified General Real Estate Appraiser in Mississippi with a "26-year career" as an appraiser, which included appraisal of "other properties encumbered by the TVA transmission line that also crosses Defendants' property." No. 55 at 3. Further, the United States defends Gentry's methodology. Explaining how Gentry conducted his appraisal, the United States stresses that this methodology conforms with the USPAP. Thus, the United States argues that exclusion of Gentry's opinions and testimony is inappropriate.

This Court agrees with the United States. For reasons substantially similar to those discussed in relation to Crook's opinion, exclusion of Gentry's opinions is premature at this time. The defendants' objections concern the weight, not the admissibility, of Gentry's testimony. As such, the Court declines to exclude his testimony. The defendants may instead attack Gentry's credibility and the weaknesses of his methodology at trial. *See Jones v. NL Indus.*, No. 4:03-CV-229-M-B, 2006 WL 5157750, at *3 (N.D. Miss. May 24, 2006).

**IV.   Conclusion**

The United States' motion to exclude [Docket No. 51] and the defendants' motion in limine [Docket No. 53] are denied. Here, as is implicitly true for each of this Court's Orders, "[t]hose [arguments] not specifically addressed would not have changed the outcome." *Brown v. Ford Motor Co.*, 121 F. Supp. 3d 606, 617 (S.D. Miss. 2015).

**SO ORDERED**, this the 6th day of June, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE